IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

R. ELLIOT GUINN, Individually and as
Personal Representative of the
Estate of JOSEPH E. GUINN, Deceased,
MARGLEE GUINN, SCOTT GUINN and
EVERETT GUINN,

      Plaintiffs,

vs.                                                                                    No. 1:19-CV-37

THE UNITED STATES OF AMERICA,

      Defendant.

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT
FOR WRONGFUL DEATH DAMAGES CAUSED BY NEGLIGENCE**

COMES NOW the Plaintiffs, R. Elliot Guinn, individually and as Personal Representative of the Estate of Joseph E. Guinn, Marglee Guinn, Scott Guinn, and Everett Guinn, by and through counsel of record ELLIS & ESTES (James C. Ellis and Daniel P. Estes) and Kenneth Downes, Esq., who hereby bring this Complaint and allege as follows:

**PARTIES, JURISDICTION, and VENUE**

1. The Plaintiff, R. Elliot Guinn, is a citizen of the United States and resides in Sandoval County, New Mexico. Elliot Guinn has been appointed the Personal Representative of the Estate of Joseph E. Guinn by the Probate Court of Rio Arriba County, New Mexico.

2. The decedent Joseph E. Guinn was, before and at the time of his wrongful death, a veteran of the United States Armed Services, a citizen of the United States, and a resident of Rio Arriba County, New Mexico.

3. At the time of his death, Joseph E. Guinn left behind his wife of 42 years, Marglee Guinn, and three sons, R. Elliott, Scott and Everett, who all have claims for loss of consortium.

4. The Defendant, The United States of America, is responsible for the acts and omissions complained of herein, including those acts and omissions committed by physicians employed at the Raymond G. Murphy VA Medical Center in Albuquerque, New Mexico (hereinafter "VAMC"), pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346 and 2671, *et seq*.

5. Plaintiffs have filed the required administrative claim under the Federal Tort Claims Act and has otherwise complied with all conditions precedent to filing this lawsuit.

6. Defendant has, to date, failed to issue a determination as to Plaintiffs' Federal Tort Claims demand, which was submitted over six (6) months ago.

7. This Court has jurisdiction over this action under 28 U.S.C. §§1346 and 2671 *et seq*.

8. Venue is proper in this District as the cause of action accrued in the State of New Mexico and Plaintiff R. Elliot Guinn resides therein.

**FACTUAL BACKGROUND**

The above enumerated paragraphs are incorporated hereto as if set forth in full.

9. On or about April 22, 2016, Joseph Guinn presented to the VAMC Emergency Department in Albuquerque with complaints of cough, headache, weight loss, and pain.

10. At that time, Markus Hamm, M.D., was on duty as an attending physician at the VAMC Emergency Department.

11. Upon information and belief, Dr. Hamm was an employee of The United States of America.

12. During Mr. Guinn's Emergency Department visit, Dr. Hamm ordered several diagnostic tests, including a CT of Mr. Guinn's abdomen and pelvis (hereinafter, "the CT").

13. The CT was performed at the VAMC at approximately 17:47 (5:47pm) on April 22, 2016.

14. The CT revealed an abnormal soft tissue mass in Mr. Guinn's subcarinal region that measured approximately 4.5 cm.

15. With regard to the abnormal mass, the radiology report of the CT noted that: "Comparison with any prior CTs of the chest to assess stability would be of benefit."

16. With regard to the abnormal mass, the radiology report of the CT further noted that: "If there are no previous outside CTs, this finding could be better evaluated with dedicated contrast-enhanced CT [of] the chest."

17. The radiology report of the CT noted, in all-caps, "ABNORMALITY, ATTN. NEEDED".

18. The radiology report was created and authenticated on April 22, 2016 at 19:18 (7:18pm) at the VAMC.

19. According to Dr. Hamm's discharge instructions, created at 19:33 (7:33pm) on April 22, 2016, Dr. Hamm diagnosed Mr. Guinn with an inguinal hernia and a urinary tract infection. Dr. Hamm prescribed antibiotics (Ciprofloxacin) and a pain killer (Tramadol) and instructed Mr. Guinn to follow-up with his primary healthcare provider within a week.

20. No federal employee, including Dr. Hamm, inquired as to whether there were any prior CTs of Mr. Guinn's chest, as recommended by the radiologist.

21. No federal employee, including Dr. Hamm, ordered any additional CTs, as recommended by the radiologist.

22. No federal employee, including Dr. Hamm, informed Mr. Guinn that an abnormal mass had been detected by the CT.

23. No federal employee, including Dr. Hamm, informed Mr. Guinn's primary healthcare provider that an abnormal mass had been detected.

24. On April 29, 2016, Mr. Guinn presented to his primary healthcare provider, Judy Ulberg, CNP, at the VA Espanola Contract Community Based Outpatient Clinic ("ECBOC").

25. ECBOC did not address the soft tissue density, nor did it order any further testing of, or related to, the density.

26. CNP Ulberg instructed Mr. Guinn to follow up with ECBOC on May 31, 2016 for labs, an iron panel, a urine analysis, and prostate-specific blood test. (Mr. Guinn had been diagnosed with prostate cancer in the past but was in remission at all times relevant to this Complaint.)

27. Mr. Guinn presented to the ECBOC on May 31, 2016 as instructed. Again, there was no mention of, or follow up regarding, the abnormal mass detected on April 22, 2016.

28. On or about September 2, 2016, Mr. Guinn presented to the ECBOC in Espanola with complaints of fever, cough, and sharp abdominal pain. His condition was severe enough that ECBOC clinicians arranged for Mr. Guinn to be transported to Presbyterian Hospital in Albuquerque, New Mexico.

29. Mr. Guinn was admitted into Presbyterian Hospital between September 2, 2016 and September 10, 2016. During his stay, physicians conducted a wide array of tests, including biopsies of worrisome masses in Mr. Guinn's chest.

30. These biopsies revealed that Mr. Guinn was suffering from advanced Hodgkin Lymphoma.

31. Physicians informed Mr. Guinn that the disease was so advanced that treatment was not a viable option. Physicians encouraged Mr. Guinn to receive palliative care in a hospice setting.

32. Joseph Guinn passed away from Hodgkin Lymphoma and related complications on September 26, 2016.

33. Upon information and belief, the abnormal mass detected on April 22, 2016 was related to Mr. Guinn's Hodgkin Lymphoma.

34. Upon information and belief, had the abnormal mass been properly diagnosed and/or addressed by the Defendant, Mr. Guinn would not have succumbed to advanced Hodgkin Lymphoma resulting in death.

## WAIVER OF SOVEREIGN IMMUNITY

The above enumerated paragraphs are incorporated hereto as if set forth in full.

35. Under 28 U.S.C. § 1346(b)(1), the Federal Tort Claims Act (FTCA), the United States has waived its right to sovereign immunity for personal injury and wrongful death caused by the negligent or wrongful acts and omissions of any employee of the Government, including those employees working at VAMC and/or ECBOC.

36. Having not received a final determination from the Defendant regarding Plaintiff's FTCA notice for over six months, Plaintiffs have exhausted their administrative remedies, as required by the FTCA.

## NEGLIGENCE

The above enumerated paragraphs are incorporated hereto as if set forth in full.

37. As medical doctors and/or other medical professionals providing medical services, VAMC physicians and nurses were under the duty to possess and provide to Mr. Guinn

the type of knowledge, skill, and care ordinarily used by reasonably well-qualified medical professionals practicing under similar circumstances.

38. The VAMC medical professionals (including Dr. Hamm) breached this duty when, *inter alia*, they failed to perform any follow up investigation into the abnormal mass detected in Mr. Guinn on April 22, 2016.

39. The VAMC failed to properly address the abnormal mass due to a negligent breakdown in the VA medical system, commonly known in the professional as "fragmented care."

40. The Defendant, the United States of America, and its employees are negligent for allowing the VAMC and ECBOC to provide fragmented care to its patients, including Mr. Guinn.

41. As a direct and proximate result of the negligence and recklessness of Defendant's employees, Mr. Guinn's Hodgkin Lymphoma went undiagnosed for an unreasonable amount of time.

42. As a direct and proximate result of the negligence and recklessness of Defendant's employees, Mr. Guinn was diagnosed too late to receive treatment, which led to Mr. Guinn's death.

43. As a direct and proximate result of the negligence and recklessness of Defendant's employees, and the resulting death of Joseph Guinn, Plaintiff Marglee Guinn has been deprived of the financial and emotional support of her deceased husband, had he lived.

44. As a direct and proximate result of the negligence and recklessness of Defendant's employees, and the resulting death of Joseph Guinn, Plaintiffs R. Elliott Guinn, Scott Guinn, and Everett Guinn, Joseph Guinn's three sons, have been deprived of the financial and emotional support of their deceased father, had he lived.

**WHEREFORE**, Plaintiffs respectfully pray for relief from this honorable Court as follows:

A) Assume jurisdiction over this matter;

B) Award compensatory and punitive damages for wrongful death, including the loss of consortium, companionship, and guidance suffered by the surviving Plaintiffs;

C) Award pre- and post-judgment interest as allowed by law; and

D) Award other further relief as the Court deems just and proper on behalf of the Plaintiffs.

Respectfully submitted,

ELLIS & ESTES

__/s/Daniel P. Estes_____
Daniel P. Estes
James C. Ellis
3949 Corrales Rd. Ste. 230
Corrales, NM 87048
(505) 266-0800
(505) 508-1872 (fax)
Daniel@EllisEstes.com
James@EllisEstes.com

AND

KENNETH C. DOWNES & ASSOC., PC

_/s/Kenneth C. Downes_____
Kenneth C. Downes, Esq.
3949 Corrales Rd. #230
Corrales, NM 87048
(505) 243-0816
downeslaw@gmail.com